UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| JONATHAN MICHAEL GREEN, | ) | CASE NO. 1:25-cv-1513 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| v. | ) | |
| | ) | |
| CITY OF WILLOUGHBY HILLS, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Plaintiff Jonathan Michael Green, proceeding *pro se*, filed a Civil RICO Complaint against the City of Willoughby Hills ("City"), as well as ten individual defendants who are City employees or officials. He asserts RICO claims related to an alleged unlawful traffic stop and search, subsequent state court proceedings, obstruction and suppression of evidence, and retaliatory actions. (ECF No. 1).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

## II. BACKGROUND

On June 28, 2025, three police officers initiated and conducted a traffic stop of Plaintiff regarding his window tint; they handcuffed and detained Plaintiff. (ECF No. 1, PageID #2–3). After the traffic stop, Plaintiff was issued two traffic citations for violating City ordinances regarding open containers and tinted glass (both minor misdemeanors), which resulted in the initiation of state court proceedings against Plaintiff in the Willoughby Municipal Court on July 14, 2025. *See City of Willoughby Hills v. Green*, Nos. 25CRB01375, 25TRD02827 (Willoughby

1

Mun. Ct. July 14, 2025). These state court proceedings are currently pending, with bench trials set for September 17, 2025. *See id.*

On July 21, 2025, Plaintiff initiated this federal action by filing his initial civil rights complaint. (ECF No. 1). The complaint provides various allegations that police officers and various City employees and officials manipulated and suppressed evidence, obstructed investigations, and sent retaliatory letters to Plaintiff. (*Id.* at PageID #2–6). The complaint asserts two RICO claims against the defendants: (i) COUNT I – 18 U.S.C. § 1962(c); and (ii) COUNT II – 18 U.S.C. § 1962(d). (*Id.* at PageID #7). The complaint alleges Plaintiff has suffered emotional injury, ongoing retaliation, legal instability, loss of public trust, and economic destabilization. (*Id.*). For relief, Plaintiff requests damages, referral of this case to federal prosecutors, and injunctive relief. (*Id.* at PageID #8)

### III. STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at

471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted).

## IV. DISCUSSION

Having reviewed the complaint and the attached documents, the Court finds that Plaintiff's RICO claims fail as a matter of law and are subject to dismissal. "[T]o state a civil RICO claim, a plaintiff must allege (1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above." *Grow Mich., LLC v. LT Lender, LLC*, 50

F.4th 587, 594 (6th Cir. 2022); *see also* 18 U.S.C. §§ 1961, 1962, 1964. First, the Court has serious doubts that Plaintiff sufficiently alleged the existence of an enterprise that is engaged in or whose actions affect interstate commerce. The enterprise alleged by Plaintiff is a collection of various government employees and officials whose supposed purpose is to stymie both Plaintiff's various records requests and his attempts to initiate investigations into government misconduct. (*See* ECF No. 1, PageID #2–6). The pleadings themselves do not allege any connection between this enterprise, or its predicate RICO actions, with interstate commerce, nor do the pleadings imply any such connection.

Regardless, Plaintiff's RICO claims fail because he lacks standing to assert such claims. To state a civil RICO claim, a plaintiff must allege injury to "business or property by reason of" the alleged violations under § 1962. *See* 18 U.S.C. § 1964(c). The Sixth Circuit has consistently held that this statutory language excludes recovery for personal injuries. *See, e.g.*, *Jackson v. Sedgwick*, 731 F.3d 556, 563–65 (6th Cir. 2013) (en banc) ("[C]ourts 'have uniformly recognized that the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom.'"); *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir. 1986). Here, Plaintiff has failed to allege any damages to his "business or property" and solely alleged damages related to personal injuries. The pleadings do not mention the word property or business and the factual allegations and Plaintiff's claims are clearly related to and intimately associated with injury to his own person. It appears that Plaintiff is attempting to recast any potential civil claims against Defendants as a RICO action, which is the improper vehicle to seek relief for his personal injury claims. As such, Plaintiff's RICO claims should be dismissed for lack of standing. *See Aces High Coal Sales, Inc. v. Cmty. Bank & Tr.*, 768 F. App'x 446, 458 n.5 (6th Cir. 2019) ("The 'injury to business or property' requirement excludes personal injuries

and is sometimes characterized as 'statutory standing.'"); *Arnold v. Alphatec Spine, Inc.*, No. 1:13-cv-714, 2014 U.S. Dist. LEXIS 87079, at *21–24 (S.D. Ohio June 26, 2014) ("Specifically, Plaintiffs lack statutory standing under the civil RICO provisions because they fail to allege injury to their 'business or property.' . . . It is well settled that personal injury is not cognizable under RICO's civil remedies provision."); *Lewis v. Drouillard*, 788 F. Supp. 2d 567, 570 (E.D. Mich. 2011) ("Because Plaintiffs' alleged damages are intimately related to their personal injuries, they do not have standing to sue under RICO."). The Court declines to grant any leave to amend because amendment of the complaint would be futile. Accordingly, Plaintiff's RICO claims are **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e). Plaintiff's pending motions (ECF Nos. 3, 5) are **DENIED as MOOT**.

**IT IS SO ORDERED.**

Date: August 27, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**