**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN MICHAEL GREEN, | ) | CASE NO. 1:25-cv-1513 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CIT OF WILLOUGHBY HILLS, *et al.*, | ) | **ORDER DENYING RECUSAL AND** |
| | ) | **RECONSIDERATION** |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff Jonathan Michael Green's Fed. R. Civ. P. 60(b) motion to vacate the judgment ("Rule 60 Motion") (ECF No. 11), Fed. R. Civ. P. 59(e) motion for reconsideration ("Rule 59 Motion") (ECF No. 16), and several motions which the Court construes as a request for recusal of the undersigned (ECF Nos. 12, 14, 15, 18). For the following reasons, Plaintiff's pending motions are all **DENIED**.

**I.    BACKGROUND**

On July 21, 2025, Plaintiff initiated this federal action by filing a *pro se* civil rights complaint. (ECF No. 1). The complaint provided various allegations that police officers and various City of Willoughby Hills employees and officials manipulated and suppressed evidence, obstructed investigations, and sent retaliatory letters to Plaintiff. (*Id.* at PageID #2–6). The complaint asserted two RICO claims against the defendants: (i) COUNT I – 18 U.S.C. § 1962(c); and (ii) COUNT II – 18 U.S.C. § 1962(d). (*Id.* at PageID #7). On August 27, 2025, the Court issued a Memorandum Opinion and Order that dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e) because Plaintiff's RICO claims failed as a matter of law and amendment would be futile. (ECF No. 9).

On September 8, 2025, Plaintiff filed his Rule 60 Motion and Rule 59 Motion. (ECF Nos. 11, 16). He also filed the various motions construed as a request for recusal of the undersigned. (ECF Nos. 12, 14, 15, 18). Finally, Plaintiff filed a notice of appeal from the Court's Memorandum Opinion and Order. (ECF No. 19).

## II. REQUEST FOR RECUSAL

As discussed above, the Court has construed Plaintiff's various non-reconsideration-related filings on September 8, 2025 as a request for recusal of the undersigned. Under 28 U.S.C. § 455, a judges shall recuse himself " in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. §§ 455(a), (b)(1). "The burden is on the moving party to justify disqualification." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). The Sixth Circuit has described the standard applied to motions to recuse as follows:

> "It has long been the law of this circuit that a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quotation omitted). "The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id.* (quotation omitted). It follows that "[c]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Gen. Aviation Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam)). Instead, "[m]otions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989).

*In re Nat'l Prescription Opiate Litig.*, No. 25-3429, 2025 U.S. App. LEXIS 23052, at *7–8 (6th Cir. Sep. 5, 2025).

The Court finds that there is no legitimate basis for the recusal of the undersigned from this case. Plaintiff's filings generally take issue with the Court's decisions in this case and argue that

recusal and sanctions are necessary because the undersigned has displayed a lack of impartiality and bias against Plaintiff. (*See generally* ECF Nos. 12–15, 17–18). However, the prejudice or bias required to justify recusal of a judge must be personal or extrajudicial. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *In re M. Ibrahim Khan, P.S. C.*, 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319–20 (6th Cir.1990) (internal quotation marks omitted). Here, Plaintiff does not identify any personal or extrajudicial source of bias from the undersigned; nor does he set forth any specific facts demonstrating any personal bias against him based on extrajudicial sources. He primarily focuses on decisions and actions taken by the Court in Plaintiff's two federal cases before the undersigned (Case Nos. 1:25-cv-1512 and 1:25-cv-1513), but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Plaintiff's disagreement with the Court's decision to dismiss Plaintiff's complaint with prejudice is simply a not a valid basis for recusal of the undersigned.

Moreover, the mere fact that Plaintiff has accused the undersigned of judicial misconduct does not require recusal, particularly given the baseless nature of the accusations. *See Harris v. Geico Gen. Ins. Co.*, 961 F. Supp. 2d 1223, 1227–28 (S.D. Fla. 2013) ("A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."); *Smartt v. United States*, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003) (explaining that "[i]t has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge" and further finding that a party cannot "force recusal by making baseless ethical attacks on the assigned judge, or to intimidate the assigned judge through frivolous

3

complaints of judicial misconduct"). Given the tenor of Plaintiff's filings and his unsubstantiated, unsupported, and speculative claims against the undersigned, the Court is convinced that Plaintiff is attempting to manipulate the system for the purpose of having a new judge assigned. Accordingly, Plaintiff's request for recusal of the undersigned, as well as ECF Nos. 12, 14, 15, and 18, are all **DENIED**.

### III. RULE 60 MOTION

"A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Petitioner may not use Rule 60(b) to relitigate his case. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). Instead, the "classic function of a Rule 60(b) motion" deals "primarily with some irregularity or procedural defect in the procurement of the judgment denying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 539 n.1, 124 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (Stevens, J., dissenting); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2858 (3d ed. June 2024 Update) (explaining that Rule 60(b) gives courts discretionary powers to "relieve the oppressed from the burden of judgments unfairly, fraudulently, or mistakenly entered").

Plaintiff's Rule 60 Motion cites Fed. R. Civ. P. 60(b)(3) and 60(b)(6) as the basis for relief. (ECF No. 11, PageID #67). Rule 60(b)(3) and (b)(6) provide that a Court may grant relief from a final judgment for "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

4

The Court finds that Plaintiff is not entitled to relief under Rule 60(b)(3) for the same reasons that it denied his request for recusal.  In seeking Rule 60(b)(3) relief, Plaintiff sets forth the same conclusory and unsupported allegations of fraud and bias against the undersigned contained in his request for recusal; but such allegations do not meet the burden of demonstrating fraud or misconduct by clear and convincing evidence.

The Court also finds that Plaintiff is not entitled to relief under Rule 60(b)(6).  To secure relief under Rule 60(b)(6), a movant must show extraordinary circumstances that justify reopening the judgment.  *Gonzalez*, 545 U.S. at 535; *see also Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (explaining that the catchall provision applies only in "unusual and extreme situations where principles of equity *mandate* relief" (emphasis in original)).  Plaintiff has not established extraordinary circumstances that justify revisiting the Court's final judgment.

IV.     **RULE 59 MOTION FOR RECONSIDERATION**

Under Rule 59(e), a district court may alter or amend a judgment if the movant establishes one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (internal quotation marks omitted); *see also Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Motions for reconsideration are "'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'"  *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind.

5

1994)). "As such, motions for reconsideration are granted 'very sparingly.'" *Id.* (quoting *Bakari v. Beyer*, 870 F. Supp. 85, 88 (D. N.J. 1994)).

"A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008)); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"). A party moving to alter or amend a judgment based on a "clear error of law" is held to a high standard. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). To alter or amend its judgment under Rule 59(e), the Court must find that it wholesale disregarded, misapplied, or failed to recognize controlling precedent. *Id.* (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (6th Cir. 2000)). In other words, "a judgment must be 'dead wrong' to qualify as being clearly erroneous." *Id.* (quoting *H & A Land Corp. v. City of Kennedale*, No. 4:02-cv-458, 2005 U.S. Dist. LEXIS 25797, at *5–6 (N.D. Tex. Oct. 24, 2005)).

The Court finds that Plaintiff is not entitled to relief under Rule 59(e). Plaintiff argues that the Court committed several clear errors of law, primarily focused on the Court failing to recognize that the "economic destabilization" of Plaintiff qualified as the requisite injury to business or property to sustain a civil RICO claim. Despite Plaintiff's citations to several out-of-circuit cases, (ECF No. 16, PageID #92), which are non-binding and fail to establish a clear error of law, the pleadings and the instant motion solely allege personal injuries and fail to identify any type of commercial injury to his "business" or "property" directly caused by the alleged RICO violations. With respect to Plaintiff's arguments concerning RICO's interstate commerce requirement, the cases cited by Plaintiff do not demonstrate that the alleged enterprise (various police officers, court

employees, and municipal officials) had engaged in actions that affected interstate commerce. Plaintiff's allegations that the enterprise was engaged in a conspiracy to suppress evidence favorable to Plaintiff relating to his upcoming trials in state court, obstruct judicial access, derail investigations into alleged misconduct, and cover up wrongdoing do not meet the latter requirement.  (*See* ECF No. 1, PageID #2–7).  As such, Plaintiff has not established a clear error law.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Fed. R. Civ. P. 60(b) motion to vacate the judgment (ECF No. 11) and Fed. R. Civ. P 59(e) motion for reconsideration (ECF No. 16) are **DENIED**. Plaintiff's request for recusal and the related motions (ECF Nos. 12, 14, 15, 16, 18) are **DENIED**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915, that an appeal from this Order cannot be taken in good faith.

**IT IS SO ORDERED.**

Date: September 25, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**